IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                              Case No. : 3:20cr58/MCR

DYLAN ZENAS COWLES,
        Defendant.

## DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW the Defendant, DYLAN ZENAS COWLES, in the above styled cause, by and through his undersigned counsel, and respectfully asks this Court to consider the following information, along with attachments, in pronouncing sentence upon DYLAN ZENAS COWLES:

## INTRODUCTION

Counsel for the Defendant acknowledges that the calculations by the U.S. probation department finding an adjusted offense level of 22 and a total offense level of 19 are accurate, as is the guideline imprisonment range of 30 to 37 months, as reflected in paragraph 115 of the pre-sentence report. Because Count 5 is a Class "C" felony, the Defendant, Mr. Cowles, is eligible for not less than one, and no more than 5 years of probation pursuant to 18 USC Section 3561(c)(1). It is true that the applicable guideline range in Zone D under the sentencing guidelines USSG Section 5B1.1, Comment. (n.2) provides that Mr. Cowles is ineligible for probation. However, the guidelines are not mandatory. If the Court elects to go below the guidelines, counsel urges the Court to place the Defendant on probation. It is the focus of this Memorandum to provide relevant information to the Court which would, if the Court elects, justify a probationary sentence.

**FACTORS TO BE CONSIDERED IN IMPOSING A SENTENCE**
*18 USC Section 3553*

### 1. NATURE AND CIRCUMSTANCES OF THE OFFENSE

On January 19, 2019, an accidental fire at Dylan Cowles's business destroyed "DC Guns" which was located behind his house at 1600 W Fairfield Dr, Pensacola, FL . Mr. Cowles's business was destroyed and he was devastated.

On August 28, 2019, ATF executed a search warrant and recovered a destructive device which was the subject of the first Indictment.

A year later on August 18, 2020, Mr. Cowles surrendered to the US Marshall's Office. On September 3, 2020, the Magistrate granted Mr. Cowles's motion for pretrial release. After probation and ATF confirmed that all firearms, ammunition, and components were removed, Mr. Cowles was released on a GPS monitor but could not return to his home until the house was cleared.

Mr. Cowles moved in with Francesca McLaughlin in Milton, Florida. He resided there for some time until, unfortunately, Ms. McLaughlin and her son had a physical altercation and Mr. Cowles had to move out. During a short period of time, he had to temporarily move to a camp site before finally returning to his home.

On October 20, 2020, a superceding Indictment was returned and included an additional count of possession of a silencer. On February 18, 2021, a third superceding Indictment was filed which added two counts of possession of controlled substances and one Count of being an unlawful user of controlled substances while possessing firearms.

On June 22, 2021, Mr. Cowles plead guilty to Count 5 of the third superceding indictment, possession of a silencer. All of the charges in the third superceding Indictment,

including Count 5 to which Mr. Cowles plead, are general intent crimes of possession. None of the offenses involved any crimes of specific intent.

Mr. Cowles, as a Federal Firearms License holder, could and did possess a number of silencers that were registered. The purpose of the typical silencer or suppresser is to reduce the noise of the firearm. While not contesting the opinions and findings of Cody J. Toy, firearms enforcement officer, that the unregistered device was a "firearms silencer", it certainly is not the typical silencer. Attached is the report of the firearms examiner's technical examination, 3 photographs of the unregistered silencer, and the US patent for a suppresser (silencer). The ATF photographs of the device are consistent with Mr. Cowles's explanation to Dr. Rosmarin of its purpose. The purpose of the device was to fire the gun into the device containing water to then collect the fired bullets. It was not a successful experiment, because the bullets penetrated the otherwise solid end of the device.

At paragraph 43 of the PSR, ATF located hundreds of items that could be considered destructive devices and/or components, pressurized tanks, fire extinguishers, oxygen tanks, all of which remained in Mr. Cowles's house and on his property without incident from the time of the search on August 28, 2019 until September 3, 2020 when Mr. Cowles was granted pretrial release. During that year, Mr. Cowles had ample opportunity to commit, yet did not, any criminal or violent act, nor was there anything to suggest he was making other destructive devices. Everything that the Government found after the initial search warrant was still present in his home at the time of his arrest a year later, except for the guns, ammunition, and one destructive device.

Mr. Cowles is a hoarder, a tinkerer, an experimenter, and a would-be inventor. The

Pre-Sentence Report noted that Mr. Cowles had posted Facebook images of himself shooting a 50 caliber rifle from his porch toward the ground, near his barn, and had postings showing flame-throwers. While that conduct may be improvident, it is not illegal. What is important is that there is no evidence that Dylan Cowles had any intent to hurt or harm anyone.

Furthermore, Counsel believes the Government will acknowledge it is not seeking a period of incarceration, but is primarily concerned about Mr. Cowles's mental health and the fact that he should no longer have the ability to possess or sell firearms or ammunition.

## 2. CHARACTERISTICS OF DEFENDANT

Dylan Cowles recognizes that he has had mental health issues. Mr. Cowles admitted himself to Twelve Oaks Treatment Center in December, 2020. He also sought counseling at Anchor Clinic in January, 2021, and subsequently was admitted to the Pavilion at McLean Hospital in Boston, Massachusetts. He was discharged from the Pavilion at McLean Hospital in February, 2021, and was also seen by Dr. David Rosmarin, Director of Psychiatry at the Harvard Medical School Teaching Hospital. All of the reports regarding the foregoing have been made available to probation for inclusion in the pre-sentence report. Dr. Rosmarin submitted a detailed report in aid of sentencing consisting of 17 pages. He found that Mr. Cowles suffers from psychiatric illnesses that are now stabilized by appropriate medication. Dr. Rosmarin found that Mr. Cowles is at a low foreseeable risk for violence to others or himself. Mr. Cowles has no history of violence or suicidal ideation.

Dr. Rosmarin also recommends that Mr. Cowles pursue individual psychotherapy,

group psychotherapy as available, and continue his psychopharmacology treatment.

If Mr. Cowles is placed on probation, he intends to return to his family's farm in Vermont, and to continue the recommendations made by Dr. Rosmarin.

Not withstanding the treatment that Dylan Cowles has sought since his arrest, Counsel submits that it is important to consider how he has conducted himself since an accidental fire destroyed his business, "DC Guns", in July of 2019. Attached are photographs of Mr. Cowles's business prior to the fire. It was a viable, ongoing business in which he was reinvesting inventory to establish a business that would be profitable in the future. The photographs of "DC Guns" are quite a contrast to the mess after the fire. His conduct since the fire of July 19, 2019, since the execution of the search warrant on August 28, 2019, up to and including the date of this sentencing, demonstrates that under the most adverse circumstances, he was able to comply with all conditions of pretrial release with one exception. Mr. Cowled admits that he had taken LSD one month prior to his admission to McLean.

In the two years since the execution of the search warrant, and in the year since his arrest, he has abided by all terms and conditions of pretrial release, despite many tragic events that have occurred during his life, including the loss of his wife to suicide, the loss of his business, the temporary surrender of his child to his parents, living temporarily with a friend in Milton, and living temporarily at a camp site. In spite of all of these traumatic events and set-backs, Mr. Cowles has managed to move forward with a positive goal to return home to be with his parents and son.

### 3. THE NEED FOR A SENTENCE TO BE IMPOSED

Counsel submits on behalf of Dylan Cowles that a probationary sentence is just

punishment for the offense to which he plead. Mr. Cowles, by his plea, will be adjudicated guilty of a felony and will forever lose his right to possess or sell firearms or ammunition. He will lose his federal firearms license, therefore losing his potential livelihood. Such a sentence is sufficient to protect the public from further crimes of the Defendant, and to further deter criminal conduct. Such a sentence will also provide Mr. Cowles with the needed medical and psychotherapeutic treatment recommended by Dr. Rosmarin. For the foregoing reasons, the undersigned asks the Court to depart below the recommended guideline range and place the Defendant on probation.

Respectfully submitted,

/s/ *Barry W. Beroset*
BARRY W. BEROSET

Certified Word Count: 1,485

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by electronic or U.S. Mail to the following parties on this day, August 18, 2021:

*Via Electronic Mail*
Assistant United States Attorney
NANCY J HESS, Nancy.Hess@usdoj.gov
JENNIFER CALLAHAN, jennifer.callahan@usdoj.gov
US ATTORNEY - PENSACOLA FL
NORTHERN DISTRICT OF FLORIDA
21 E GARDEN ST, STE 400
PENSACOLA, FL 32502-5675

/s/ *Barry W. Beroset*
BARRY W. BEROSET
Beroset and Keene
1622 North 9th Avenue
Pensacola, FL  32503
Phone: (850) 438-3111
FBN:  145143
Counsel for Defendant

cc:   Defendant